UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CALVIN FARMER,

Petitioner,

vs. Case No. 3:09-cv-1128-J-37JBT

SECRETARY, DOC, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 22, 2009.[1] He is proceeding on a Second Amended Petition (Doc. #12) (hereinafter Second Amended Petition). He challenges his 2005[2] Duval County conviction for armed robbery and resisting an officer with violence.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

---

[1] The Petition was filed with the Clerk on November 16, 2009; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court. Respondents state that Petitioner provided his Petition to prison authorities for mailing to this Court on October 22, 2009. Response at 3. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on March 16, 2005.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' March 10, 2011, Motion to Dismiss (Doc. #22)

(hereinafter Response). In support of their contentions, they have submitted exhibits.[3] See Index of Exhibits (Doc. #23). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. #15). Petitioner filed a Reply to Respondents' Motion to Dismiss (Doc. #24) (hereinafter Reply).

The record shows the following. After a jury trial, Petitioner was found guilty of armed robbery and resisting an officer with violence. Ex. C at 160-61. The judgment and sentence was entered on March 16, 2005. Id. at 191-97. Petitioner appealed, Ex. B, Ex. F, Ex. G, and the conviction was affirmed on March 2, 2006. Farmer v. State, 923 So.2d 1166 (Fla. 1st DCA March 2, 2006) (Table); Ex. H. His conviction became final on May 31, 2006 (90 days after March 2, 2006) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Petitioner did not file a petition for writ of certiorari. Second Amended Petition at 3.

After the March 2, 2006 affirmance, but before the time for seeking certiorari expired, Petitioner filed a Rule 3.800 motion on

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

May 5, 2006, pursuant to the mailbox rule. Ex. K at 1-4. The motion was denied on May 18, 2006. Id. at 5-7. The First District Court of Appeal affirmed per curiam. Farmer v. State, 944 So.2d 351 (Fla. 1st DCA Nov. 1, 2006) (Table); Ex. L. Petitioner moved for rehearing, Ex. M, and rehearing was denied. Ex. N. The mandate issued on January 2, 2007. Ex. O.

The statute of limitations period began to run, and ran for 175 days, until Petitioner filed a petition for writ of habeas corpus on June 27, 2007, pursuant to the mailbox rule. Ex. Q. It was per curiam denied on the merits. Farmer v. State, 963 So.2d 780 (Fla. 1st DCA July 18, 2007) (per curiam), reh'g denied (Sept. 11, 2007); Ex. S. After rehearing was denied, the one-year limitations period ran for 44 days, until Petitioner filed a Rule 3.850 motion on October 26, 2007, pursuant to the mailbox rule. Ex. W at 64-80. An Order on Motion for Post-conviction Relief was filed November 19, 2007, id. at 81-83, and a Final Order Denying Motion for Post-conviction Relief was filed January 7, 2008. Id. at 92-94. Petitioner appealed, id. at 95, and on April 6, 2009, the First District Court of Appeal affirmed per curiam. Farmer v. State, 6 So.3d 610 (Fla. 1st DCA Apr. 6, 2009) (Table) (per curiam) (unpublished disposition); Ex. DD. On April 19, 2009, pursuant to the mailbox rule, Petitioner moved for rehearing. Ex. EE. The

mandate issued on May 4, 2009. Ex. GG. Rehearing was denied on July 31, 2009.[4] Ex. FF.

At this point, there were 146 days remaining in the one-year limitations period. Petitioner filed his federal Petition on October 22, 2009; therefore, it was timely filed prior to the expiration of the AEDPA one-year limitations period on Monday, December 28, 2009.[5]

Based on the foregoing, the Petition is timely. Therefore, Respondents' Motion to Dismiss is due to be denied.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' March 10, 2011, Motion to Dismiss (Doc. #22) is **DENIED.**

2. Petitioner's May 25, 2011, Reply to Respondents' Motion to Dismiss (Doc. #27) is **STRICKEN** as it is a duplicate of the Reply (Doc. #24).

---

[4] Respondents did not address the motion for rehearing in their calculation for the tolling of the limitations period. Response at 6.

[5] Friday, December 25, 2009, was a legal holiday.

3. Respondents shall respond to the Second Amended Petition (Doc. #12) within **SIXTY (60) DAYS** from the date of this order.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of October, 2011.

ROY B. DALTON JR.
United States District Judge

sa 10/18
c:
Calvin Farmer
Ass't A.G. (Heller)